MERCHANT v. GUILDS.[1]

DEEDS—DELIVERY—EVIDENCE—REVIEW.

Evidence reviewed, and *held* to establish the invalidity of a deed for want of delivery by the grantor in her lifetime, notwithstanding her act in recording a life lease given back to her by the grantee.

Appeal from St. Clair; Thomas, J. Submitted December 12, 1901. Decided December 21, 1901.

· Bill by Sarah Ann Merchant against Julius Guilds and Martha Guilds to set aside a deed. From a decree for complainant, defendants appeal. Affirmed.

*Avery Bros. & Walsh*, for complainant.

*A. E. Chadwick*, for defendants.

MONTGOMERY, C. J. The complainant is a daughter of Abigail Guilds. The defendant Julius is her brother, and this controversy involves the question of whether a certain deed, which was duly signed and acknowledged by Abigail Guilds in her lifetime, ever became operative by delivery. The question is one of fact.

---

[1] Rehearing denied April 22, 1902..

It appears that in October, 1897, Abigail Guilds and the two defendants called upon Nelson Smith, a notary public living in the neighborhood, and a deed of 40 acres of land belonging to Abigail Guilds was prepared, signed, witnessed, and acknowledged. At the same time the defendants prepared, signed, and acknowledged a life lease of the same premises, running to Abigail Guilds. There were present at this transaction three witnesses,—Nelson Smith, Matilda Smith, and Charles Ewing. Matilda Smith's recollection of the transaction is so obscure as to make her testimony of no value in determining whether the deed was delivered. Nelson Smith's testimony tends to show that the deed was not delivered, but retained by Mrs. Guilds. Charles Ewing gives a somewhat different version, which is to the effect that Mrs. Guilds, after the deed and lease were delivered, requested the defendant Julius to let her have the deed, and stated that they would put both the deed and the lease on record together. There is testimony which corroborates the testimony of Mr. Smith. The only other evidence tending to show delivery of the deed was the fact that the life lease was placed of record by the deceased in her lifetime. There is enough in the record to indicate that, having ascertained that the deed was of record, Mrs. Guilds became concerned about her rights, and placed this lease of record, thinking it might afford her some protection. We do not think it conclusively shows an intention to part with the title, and upon the whole record we are convinced that Mrs. Guilds never intended to part with her control over this deed. The circuit judge, who saw the witnesses, reached this conclusion, and a careful reading of the testimony has satisfied us that it is the correct conclusion upon the testimony.

The decree will be affirmed.

The other Justices concurred.